**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOREN F. GRAVES, | Case No. 2:15-cv-00106-RFB-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | (Docket Nos. 21, 26) |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for a period of and disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 21. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 26-27. No reply was filed. The matter came on for hearing on February 19, 2016. Docket No. 31. The parties have since filed supplemental briefs. Docket Nos. 32, 33. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.    STANDARDS**

   A.    <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.  Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made.

If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On February 24, 2012, Plaintiff filed an application for disability insurance benefits alleging that he became disabled on January 1, 2007. *See, e.g.*, Administrative Record ("A.R.") 158-59.[2] Plaintiff then amended the application to allege an onset date of February 1, 2008. *See* A.R. 178. Plaintiff's claims were denied initially on June 12, 2012, and upon reconsideration on October 16, 2012. A.R. 109-13, 115-17. On November 6, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 118-19. On June 11, 2013, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Donald R. Colpitts. *See* A.R. 38-71. On June 25, 2013, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from the alleged onset date through December 31, 2011, Plaintiff's last date insured. A.R. 23-35. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 17, 2014. A.R. 1-3.

---

[2] Plaintiff had previously filed applications for a period of disability and disability insurance and supplemental security income benefits. He was granted supplemental security income effective February 23, 2012. His period of disability and disability insurance application was dismissed because his established onset date of February 23, 2012 post-dated his date last insured. *See* A.R. 23.

On January 20, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1. Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted. Docket No. 2. The Court dismissed Plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e). *Id.* Plaintiff then filed an amended complaint, Docket No. 4, which the Court founds sufficient for screening purposes, *see* Docket No. 5.

B.     The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on June 25, 2013. A.R. 20-35. At step one, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2011, and had not engaged in substantial gainful activity from February 1, 2008 through December 31, 2011. A.R. 25-26. At step two, the ALJ found that Plaintiff had the following severe impairments: right elbow fracture, status post open reduction internal fixation, history of lower back pain and history of cervical spine stenosis, and history of hepatitis C. A.R. 26-27. The ALJ found that the record did not support a finding that Plaintiff suffered from severe mental impairments through the date last insured. A.R. 27. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 27.

The ALJ found that Plaintiff had the residual functional capacity for a full range of light work as defined by 20 C.F.R. 404.1567(b). A.R. 27-31. At step four, the ALJ found Plaintiff able to perform his past relevant work as a time share greeter. A.R. 31. Based on all of these findings, the ALJ found Plaintiff had not been disabled and denied his application for a period of disability and disability insurance benefits. *See* A.R. 31.

**III.   ANALYSIS AND FINDINGS**

Plaintiff has been found to be disabled under Title XVI as of at least February 23, 2012. A.R. 23. This appeal relates only to Plaintiff's entitlement to Title II benefits, which rises and falls on whether he was disabled as of the date last insured, December 31, 2011. Without obtaining the testimony of a medical expert at the hearing, the ALJ determined that the record was insufficient to show that Plaintiff's mental impairments were severe as of the date last insured at Step Two of the sequential

analysis. A.R. 27. Plaintiff's primary argument on appeal is that the ALJ erred in failing to properly develop the record to determine onset date, as required by *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). For the reasons discussed more fully below, the Court agrees.

Disability claimants bear the burden of proof to show disability. *See, e.g.*, *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). At the same time, an ALJ is not "a mere umpire" presiding over the proceeding. *See, e.g., Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (quoting *Higbee v. Sullivan*, 975 F. 2d 558, 661 (9th Cir. 1992)). Instead, the ALJ has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even if that claimant is represented by counsel. *See, e.g.*, *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). This duty is "heightened where the claimant may be mentally ill and thus unable to protect [his] own interests." *Id.*

Specific requirements have been established by Social Security Rulings and the Ninth Circuit regarding determination of a disability onset date. SSR 83-20 controls how the Commissioner establishes a disability onset date. "How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis." SSR 83-20. When the limitations at issue arise out of mental illness, pin-pointing an onset date can be particularly difficult. "Mental disorders may manifest themselves over a period of time. Consequently, the precise date of onset of a disabling psychological impairment may be difficult, or impossible, to ascertain." *Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991) (*per curiam*). "If the 'medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'" *Armstrong*, 160 F.3d at 590 (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991)); *see also Morgan*, 945 F.2d at 1082-83. More specifically, "[a]t the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred." SSR 83-20. While SSR 83-20 indicates that the ALJ "should" obtain testimony from a medical expert, the Ninth Circuit has interpreted this provision to mean the ALJ "must" do so. *Armstrong*, 160 F.3d at 590 (citing *DeLorme*, 924 F.2d at 848). When the medical testimony is insufficient to determine an onset date, the

ALJ can fulfill his responsibilities by "exploring lay evidence including the testimony of family, friends, or former employers to determine the onset date." *Armstrong*, 160 F.3d at 590.

The SSR 83-20 duties for determining an onset date are not triggered in every case. When an ALJ determines that a claimant was not disabled at any time, the question of onset date does not arise and SSR 83-20 is not triggered. *Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008). On the other hand, an ALJ must comply with SSR 83-20 to develop the record to determine an onset date when there is "either an explicit ALJ finding or substantial evidence that the claimant was disabled at some point after the date last insured," *id*, and when there is ambiguity as to the date of onset, *see Armstrong*, 160 F.3d at 590. In determining whether sufficient ambiguity in the record exists to trigger SR 83-20, courts have analyzed whether there is at least "some, limited evidence" that the disability onset date was before the date last insured. *See Speight v. Apfel*, 108 F. Supp. 2d 1087, 1091 (C.D. Cal. 2000); *see also Quarles v. Barnhart*, 178 F. Supp. 2d 1089, 1097 (N.D. Cal. 2001).

The case law in this Circuit applying these standards is instructive here. In *Armstrong*, the ALJ found that the claimant had been disabled since at least August 9, 1994, and granted his application for supplemental security income benefits, but the ALJ also found that the claimant was not disabled prior to the date last insured of March 31, 1992. 160 F.3d at 590. While the record in that case included a diagnosis in March 1994 that the claimant suffered from several mental disorders, the Ninth Circuit noted the claimant could have been disabled even earlier as evidenced by his divorce in 1986, his lack of employment since 1988, his testimony of crying spells predating his last date insured, and his deteriorating health generally over a period of roughly 30 years. *See id.* In *Speight*, the ALJ found that the claimant "probably can not work now due to her depression," but the ALJ concluded that the claimant had presented insufficient evidence to meet her burden of showing she was disabled as of her last date insured of June 20, 1995. 108 F. Supp. 2d at 1090. The record in that case also revealed that the claimant had attempted suicide in 1991 and she was prescribed Ativan as early as 1992, in addition to the claimant's testimony that she was experiencing worsening depression when she stopped working and the evidence that the claimant had severe major depression after the date last insured. *See id.* at 1091. In *Quarles*, the ALJ found that the claimant had "currently establishe[d] severe emotional disorders," but the ALJ concluded that the claimant had presented insufficient evidence to meet her

burden of showing she was disabled as of her last date insured of December 31, 1995. 178 F. Supp. 2d at 1096. The record in that case included the claimant's and her husband's testimony that the mental condition pre-dated the date last insured, a medical report from 1997 noted that the claimant had not received proper treatment over the years for her emotional disorders, and medical records from 1994 to 1997 reflecting complaints of anxiety, insomnia, and depression. *Id.* at 1097. In each of these instances, the courts found that the ALJ erred in not calling a medical expert to testify at the hearing to determine an onset date as required by SSR 83-20.

        The undersigned agrees with Plaintiff that the SSR 83-20 duties were also triggered in this case. At Step Two of the sequential analysis, the ALJ here found Plaintiff's mental limitations not "severe" as of his date last insured, December 31, 2011. A.R. 27. As noted above, the Commissioner's award of supplemental security income benefits to Plaintiff in another proceeding makes it clear that he was disabled as of at least February 23, 2012. *See* A.R. 23. The record in this case includes the report from May 2012 in which Dr. Miles Morgan diagnosed Plaintiff with schizoaffective disorder with a second notation that a bipolar disorder with mixed psychotic features should be considered. A.R. 477. Moreover, the record in this case is sufficiently ambiguous as to Plaintiff's onset date. For example, the record reflects Plaintiff's self-reporting of a "long-standing history of severe mental health problems," A.R. 478, including a two-week psychiatric hospitalization in the 1990s, A.R. 472, and an earlier hospitalization due to suicidal thought, *id.*[3] Plaintiff's brief also highlights some of Plaintiff's testimony suggesting long-term mental health problems, *see* Docket No.21-1 at 10-11, including that he heard a female voice every three to six months, A.R. 51-52, he had previously been forced into a mental health facility, A.R. 52, he had three failed marriages, A.R. 61, he was forced to take psychotropic drugs

---

[3] Defendant emphasizes that Dr. Morgan's statement about Plaintiff's long-term mental health issues was based on Plaintiff's self-reporting. *See, e.g.*, *see* Docket No. 32 at 5. To the extent Defendant is arguing that a claimant's self-reporting cannot create ambiguity in the record for SSR 83-20 purposes, the Court disagrees. *See Savoie v. Astrue*, 2012 WL 3044134, *4 (D. Or. July 25, 2012) ("Given that SSR 83–20 applies to this case, and given that in determining the onset date, the ALJ is not limited to the objective medical evidence, it was error for the ALJ to reject Dr. Truhn's onset date opinion because that opinion was based on plaintiff's self-report. SSR 83-20 requires the ALJ to assess all of the evidence, including plaintiff's asserted onset date."); *see also Speight*, 178 F. Supp. 2d at 1091 n. 6 (relying on attempted suicide despite lack of any documentary evidence).

following an arrest, A.R. 63, he had suffered a mental "breakdown," A.R. 63, and he had "always" suffered from anxiety, A.R. 63.[4] Given the medical findings in the record after the date last insured, Plaintiff's self-reporting to Dr. Morgan regarding a history of mental problems, and Plaintiff's testimony at the hearing in this proceeding, the record is sufficiently ambiguous that the ALJ's duties to fully develop the record under SSR 83-20 were triggered.

Defendant resists this conclusion on several grounds. For example, Defendant argues that Plaintiff bears the burden of proof to establish disability prior to the date last insured and that there is no "medical evidence in the record" showing such a disability. *See, e.g.*, Docket No. 32 at 3. These interrelated arguments lack merit. First, with respect to Defendant's contention that a claimant bears the burden of proof, the Ninth Circuit has already expressly rejected the same contention that the assignment of burdens is dispositive in this type of scenario. *Armstrong*, 160 F.3d at 589 ("Although Armstrong has the burden of proof, the ALJ has a duty to assist in developing the record"). As the Ninth Circuit explained, accepting Defendant's argument would render SSR 83-20 meaningless: "If the claimant proved a date, there would be no need to call a medical expert, and if the claimant . . . was unable to prove a date, then the ALJ would deny disability benefits because the claimant failed to carry his burden." *Id.* at 590. The fact that a claimant bears the burden of proof does not relieve an ALJ of his duty to properly develop the record. Second, Defendant's argument that the lack of medical records is dispositive is similarly unpersuasive. SSR 83-20 requires an ALJ to obtain and consider "all evidence" that is available to determine onset date. *Id.*; *see also* SSR 83-20 ("Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition"). "The fact that pre-DLI medical reports or clinical tests may not exist does not diminish the ambiguity regarding onset date or relieve the ALJ of his duty to develop the record with respect to this period." *Quarles*, 178 F. Supp. 2d at 1097. Indeed, it is "common knowledge" that millions of

---

[4] Defendant notes that the ALJ found Plaintiff not fully credible. *See, e.g.*, Hearing Rec. (2/19/2016) at 11:16 a.m. While the ALJ made an adverse credibility finding, *see* A.R. 30, the record does not establish that the ALJ found any of the testimony outlined above to be less than fully credible. *Cf. Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (an ALJ must "specify which testimony she finds not credible").

individuals suffering from mental disorders do not seek treatment until very late in the day. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). In this instance, Plaintiff testified that he had not been receiving mental health treatment because he feared doing so based on his experiences from prior mental health episodes. A.R. 63 (testifying that, *inter alia*, the psychotropic drugs he was forced to take "made my life 10 times worse"); *see also* A.R. 67.[5] It is especially important for the ALJ to fully develop the record when a claimant who suffers from mental impairments fears seeking mental health treatment, which creates a dearth of medical records. *See, e.g.*, *Pine v. Astrue*, 2012 WL 6737535, *8 (W.D. Wash. Nov. 30, 2012), *adopted* 2012 WL 6737532 (W.D. Wash. Dec. 28, 2012). For all of these reasons, Plaintiff's burden of proof and the lack of medical evidence did not relieve the ALJ of his duty to develop the record as required by SSR 83-20.

Defendant also resists a finding of ambiguity by noting that state agency reviewing physician, Dr. Mark Richman, stated in a report that it would be reasonable to set an onset date at three months before Dr. Morgan's findings of May 15, 2012. *See, e.g.,* Docket No. 32 at 4 (citing A.R. 81); *see also* Hearing Rec. (2/19/2016) at 11:17 a.m. In light of the evidence discussed above, however, the Court finds the record ambiguous regardless of Dr. Richman's statement. Moreover, and significantly, the ALJ did not adopt the onset date proposed by Dr. Richman.[6] Lastly, Dr. Richman's report predates the hearing before the ALJ and, therefore, does not account for the testimony presented. As *Armstrong* itself makes clear, the claimant's testimony is pertinent to determining onset. *See* 160 F.3d at 590 (relying in significant part on testimony of the claimant that he suffered crying spells before his date last insured); *see also Sanders v. Astrue*, 2010 WL 3715139, *4 (E.D. Cal. Sept. 16, 2010) (finding remand necessary in light of SSR 83-20 because the ALJ relied on state agency physician reports asserting that the claimant

---

[5] Despite having already received this testimony, the ALJ criticized Plaintiff for testifying to mental health limitations without providing records prior to the date last insured. *See* A.R. 66-67 (responding to Plaintiff's testimony that his anxiety would impair his ability to work by stating: "you're going to tell me that you have anxiety but you don't have a doctor's report to that effect"). "[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen*, 100 F.3d at 1465 (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

[6] Plaintiff attacks that proposed onset date as lacking evidentiary basis. *See, e.g.*, Hearing Rec. (2/19/2016) at 11:20 a.m.

was not disabled as of last date insured but those physicians did not analyze "all available evidence"). In short, Dr. Richman's report does not render the record unambiguous.

Defendant next contends that the SSR 83-20 duties did not arise in this case because the ALJ here never made a finding that Plaintiff was disabled and, instead, such a finding was made by a different ALJ. *See, e.g.*, Docket No. 32 at 2-3. This argument fails. The SSR 83-20 duties are triggered when there is "either an explicit ALJ finding or substantial evidence that the claimant was disabled at some point after the date last insured." *Sam*, 550 F.3d at 810 (emphasis added). Here, the ALJ acknowledges the previous disability finding, A.R. 23, and essentially concedes that Plaintiff was disabled at some point after the date last insured, A.R. 27 (acknowledging reports from as early as May 2012 of Dr. Morgan, Dr. Richman, and Dr. Roldan diagnosing Plaintiff with schizoaffective disorder with a second notation for bipolar disorder, and reflecting significant difficulty working with supervisors, coworkers or the general public, and marked limitations in maintaining concentration persistence or pace). Defendant fails to explain why this substantial evidence does not trigger the SSR 83-20 duties regardless of whether this ALJ made a finding of disability in this case. "Where, as here, the ALJ all but conceded that Plaintiff suffered from a severe mental impairment sometime *after* the DLI, [he] may not evade [his] duty to develop the record as to the onset date simply by failing to formally address the question of whether Plaintiff was at any point disabled." *Lan Ying Xie v. Colvin*, 2015 WL 5542817, *14 (N.D. Cal. Sept. 18, 2015) (applying SSR 83-20 in Title II case and rejecting Commissioner's argument that SSR 83-20 did not apply because the ALJ did not make a determination that Plaintiff was disabled). Moreover, Defendant has failed to cite to any case law holding that an ALJ is never required develop the record pursuant to SSR 83-20 merely because a claimant's disability finding was made by a different ALJ.[7] The Court finds any such argument to be without merit, *see Lair-Del Rio*, 380 Fed. Appx. at 698

---

[7] Defendant's argument relies extensively on the split decision in *Lair-Del Rio v. Astrue*, 380 Fed. Appx. 694 (9th Cir. May 28, 2010) (unpublished). Memorandum dispositions do not always provide elaborated discussion and reasoning. Not surprisingly, memorandum dispositions are non-precedential. *See, e.g.*, *Phelps v. Alameida*, 569 F.3d 1120, 1136 (9th Cir. 2009). At any rate, *Lair-Del Rio* is inapposite here. The majority in that case distinguished *Armstrong* "on the basis that the ALJ did not need to follow it because in this case, unlike in *Armstrong*, the ALJ determined that Lair-Del Rio was never disabled at any time." *Lair-Del Rio*, 380 Fed. Appx. at 697 (Kleinfeld, J., dissenting) (emphasis added); *see also id.* at 695

(Kleinfeld, J., dissenting) (specifically rejecting this possible factual distinction), and inconsistent with the findings of other courts, *see Moon v. Colvin*, 542 Fed. Appx. 646, 646-47 (9th Cir. Feb. 18, 2013) (holding that SSR 83-20 duties were triggered by a disability finding in a proceeding 12 years prior to the filing of the application at issue); *Zagel v. Colvin*, 2015 WL 5737724, *1 n.2, *6 (D. Or. Sept. 29, 2015) (holding that SSR 83-20 duties were triggered by a disability finding in a previous social security administration adjudication).

In short, the Commissioner essentially acknowledges that Plaintiff suffered disabling mental limitations as of at least February 23, 2012. On the other hand, the Commissioner argues that Plaintiff has failed to show that he was disabled as of his date last insured, only 54 days earlier on December 31, 2011. In the circumstances of this case, the ALJ erred in failing to obtain testimony from medical advisors to determine the onset date as required by SSR 83-20 and Ninth Circuit precedent. In particular, the ALJ erred at Step Two of the sequential analysis in concluding that the record was insufficient to find Plaintiff suffered from severe mental limitations as of December 31, 2011 without having fully developed the record. A.R. 27. Based on this error, the undersigned finds that remand of this case is necessary.[8]

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 21) be **GRANTED** and that Defendant's Cross-Motion to Affirm (Docket No. 26) be **DENIED**.

IT IS SO ORDERED.

DATED: March 29, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

(majority opinion) ("the ALJ was not required to call a medical expert because he determined Lair-Del Rio was not disabled"). That is not the case here and, instead, the ALJ essentially conceded that Plaintiff was disabled at some time after the date last insured. *See, e.g.*, A.R. 23, 27.

[8] In light of this recommendation, the undersigned does not address the other arguments presented.

Case 2:15-cv-00106-RFB-NJK   Document 34   Filed 03/29/16   Page 14 of 14

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).